Case 16-3227, Document 125, 02/15/2018, 2236788, Page1 of 5

MANDATE

16-3227
In re Thomas R. Heavey

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand eighteen.

PRESENT: RORBERT A. KATZMANN,
        *Chief Judge*,
    ROBERT D. SACK,
    PETER W. HALL,
        *Circuit Judges*.

---

IN RE: THOMAS R. HEAVEY,                    No. 16-3227
    *Debtor*.

---

JOHN S. PEREIRA, as chapter 7 trustee for the Estate of Thomas R. Heavey,
    *Trustee-Appellant*,

    v.

397 REALTY LLC,
    *Creditor-Appellee*.

---

For Appellant:                    JOHN P. CAMPO, Akerman LLP, New York City, New York.

For Appellee:                     DAVID H. SINGER, David H. Singer & Associates, P.C., New York City, New York.

MANDATE ISSUED ON 2/15/2018

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on August 17, 2016, is **AFFIRMED**.

Trustee-Appellant John S. Pereira, as chapter 7 trustee (the "Trustee") for the estate of Thomas R. Heavey ("Heavey"), appeals from the district court's decision reversing, in part, a decision by the bankruptcy court finding that Creditor-Appellee 397 Realty LLC's ("397 Realty") post-petition actions violated the automatic stay pursuant to 11 U.S.C. § 362(a)(4). Before the bankruptcy court, the Trustee moved for summary judgment asserting that 397 Realty violated the automatic stay when 397 Realty's counsel "contacted the Kings County Clerk" to inquire why 397 Realty's timely filed but inexplicably undocketed lien extension order did not appear on the Kings County Clerk's docket. App'x at 126, ¶ 17.

"When a bankruptcy appeal reaches us after district court review of the bankruptcy court order, our review of the bankruptcy court order is plenary. In undertaking this plenary review, we independently review the factual determinations and legal conclusions of the bankruptcy court, evaluating the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error." *In re N. New England Tel. Operations LLC*, 795 F.3d 343, 346 (2d Cir. 2015) (internal citation and quotation marks omitted). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm the district court's decision.

2

The bankruptcy court found that 397 Realty's inquiry to the Kings County Clerk resulted in the post-petition docketing of a lien against estate property and constituted a sanctionable violation of 11 U.S.C. § 362(a)(4)'s automatic stay of "any act to create, perfect, or enforce any lien against property of the estate." The district court disagreed, holding that a creditor violates § 362(a)(4) only if it is "reasonably foreseeable" that its act will result in the creation, perfection, or enforcement of a lien against property of the estate. App'x at 534. Because it was not reasonably foreseeable that the Kings County Clerk would act on 397 Realty's inquiry by docketing the extension order, the district court held that 397 Realty's inquiry did not violate the automatic stay.

This case, however, does not turn on reasonable foreseeability. 397 Realty's reflexive response did not violate the automatic stay because it was not an act to create, perfect, or enforce a lien against Heavey's property. Pursuant to the automatic stay provision, the filing of a bankruptcy petition "operates as a stay of . . . any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). While the adjective "any" suggests that Section 362(a)(4) paints with a broad brush, the statute also contains the descriptive infinitives "to create, perfect, or enforce." These infinitives describe the types of "acts" that the automatic stay prohibits. In other words, only acts to create, perfect, or enforce a lien against property of the estate violate the automatic stay.

Based on the facts that formed the basis of the Trustee's motion for summary judgment, 397 Realty's counsel merely asked the Kings County Clerk what happened to his timely filed extension order. On the facts before us, there is no indication that 397

3

Realty demanded that the Kings County Clerk correct its mistake, nor is there any evidence to suggest that 397 Realty engaged in anything more than a simple factfinding inquiry. Section 362(a)(4) does not prohibit all acts which coincidentally set in motion the creation, perfection, or enforcement of a lien. Rather, the prohibited, and thus compensable, act must be an act to create, to perfect, or to enforce a lien. Because 397 Realty engaged only in factfinding and did not attempt to create, perfect, or enforce its lien, 397 Realty did not violate the automatic stay.

In urging otherwise, the Trustee cites *In Re Parr Meadows Racing Ass'n*, 880 F.2d 1540 (2d Cir. 1989), for the proposition that a violation of the stay "need not even be an 'act' at all, but can be triggered without any action by the lienholder." Appellant's Br. at 9. The facts of *In Re Parr Meadows Racing Ass'n* are distinguishable from the case at hand. Tax liens in favor of government entities that arise by operation of law are *sui generis*, carrying with them their own treatment and exemptions as government interests under Section 362. *See* 11 U.S.C. § 362(b). Furthermore, our holding there rested on our conclusion that the tax liens "did not come passively into being 'by operation of law'; rather, they were created and perfected as a direct result of the county's assessment and taxation process, which consists of several 'affirmative acts' by county, town, and school district officers, administrators, and agents." *In Re Parr Meadows Racing Ass'n*, 880 F.2d at 1545. Accordingly, *In Re Parr Meadows Racing Ass'n* does not upset our conclusion that 397 Realty did not take an affirmative act to create, perfect, or enforce a lien against Heavey's property.

4

We have considered the Trustee's remaining arguments on appeal and find them to be without merit. We **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5